## NATHANIEL JOHNSON *vs.* JAMES WYMAN & another.

*It seems,* that a laying out of a highway, in terms, as an alteration of a former way, discontinues the old way between the ends of the new one. But in the absence of any record of the laying out of either way, evidence of the construction and subsequent repair of the new way by public authority does not necessarily presuppose the discontinuance of the old one.

ACTION OF TORT for breaking and entering the plaintiff's close in West Cambridge and removing a building therefrom. Answer that the building stood upon and wholly obstructed a public highway, leading from West Cambridge to Charlestown, called the Old Charlestown Road, to the great nuisance of the defendants; and was abated and removed by them with all reasonable care.

. At the trial in the court of common pleas, the defendants introduced evidence tending to show that seventy years ago a road, which was the only highway from the North Parish in Cambridge over Winter Hill to Charlestown, passed over the place of the alleged trespass; that about fifty years ago a road, known as Charlestown Street, was laid out in a direct line, about a third of a mile in length, across a bend in the old road, shortening the distance, and about five rods in the widest part from the old road; that the town school-house previously stood by the old road, and also four or five dwelling-houses, and that since the laying out of Charlestown Street the old piece of road had been used by the occupants of these houses and others having occasion to pass to and from them. But there was no evidence of this use being confined to any particular line, or of any continued use along the road. And it appeared that the occupants of the houses had other means of reaching Charlestown Street by passing over their own land; that the whole space between the two roads had until within a few years lain uninclosed and in common; that sand and gravel had been often dug and carried away from it, and there had been at several times and for long periods large holes in the old piece of road, such as to exclude travel therefrom; and there was no

evidence that either of the towns of Charlestown or West Cambridge had ever recognized the existence of the old piece of road since the establishment of the new one. No record could be found of the location of either road, or of the discontinuance of the old road.

The plaintiff offered evidence tending to show that the new road was originally constructed and wrought for travel by public authority, and had ever since been kept in repair by the towns of West Cambridge and Charlestown, and that since the making of the new road the old road had not been kept in repair or travelled ; and contended that it had been discontinued.

The defendants contended that as there was no evidence of the discontinuance of the old road, except what might arise from the location of Charlestown Street, it still continued to be a public highway ; and that if it was discontinued as a highway, still those owning property and residing thereon had a private way over the old way to Charlestown Street.

*Perkins,* J. ruled " that the proper regular and legal laying out and establishment of the piece of way called Charlestown Street, as a public highway, might be proved without the actual production of the record of the laying out ; that the jury might take into view all the circumstances proved in reference to the construction and long use of said street or way, the character of such use, the repairs made upon it, and all the other evidence relating to the point ; and if from these they were satisfied that there was a regular and legal laying out of said street or way, the legal record of which was lost, destroyed, or for other valid reasons could not be produced, they might so find the laying out ; that if the jury should find such regular, legal and proper laying out and establishment of this piece of way or street, then they would look to the circumstances proved, and say whether it was so laid out and established as a new way, or merely as an alteration of the old way ; that if they should find it to be merely an alteration of an old way and a substitution of the new piece, then the rule of law was that the establishment of an alteration in a way is a discontinuance of the part altered, or at least so much of the part altered as falls outside

of the substituted way, unless there was some provision against such discontinuance; that the parts of the old way so discontinued would cease to exist as a public way, as well for those whose houses were located upon it, as for others; that the fact that this piece of road or way had been travelled over as a public highway for a great length of time, by any persons, during its existence as a public highway, would not establish the acquisition of a private right by virtue of such use, which they could claim to enjoy after such discontinuance, either in regard to those whose houses were located on the discontinued way, or to others."

The defendants claimed that the evidence tended to show, that they had acquired a private way along the line of the old road before it was laid out; and the judge ruled " that if such right were established, it would revive to the defendants on the discontinuance of said old way."

The jury returned a verdict for the plaintiff and the defendants alleged exceptions.

*B. F. Butler & L. Marrett,* for the defendants, to the point that the establishment of an alteration in a way is not a discontinuance of the part altered, cited *Sts.* 1786, *c.* 67, § 4; 1797, *c.* 30; Rev. Sts. *c.* 24, §§ 1, 4, 7, 10, 69, 70, 72–75; Report of Commissioners on Rev. Sts. *c.* 24, note; *Gloucester* v. *County Commissioners,* 3 Met. 379; *Stetson* v. *Faxon,* 19 Pick. 147; *Wales* v. *Stetson,* 2 Mass. 146; 3 Dane Ab. 268.

*J. Q. A. Griffin,* for the plaintiff, cited *Wright* v. *Tukey,* 3 Cush. 290; *Commonwealth* v. *Belding,* 13 Met. 10; *Commonwealth* v. *Westborough,* 3 Mass. 406; *Commonwealth* v. *Cambridge,* 7 Mass. 158.

SHAW, C. J. The evidence tended strongly to prove the existence of an ancient public highway, on the line of the old road, by prescription. It stands on the foundation of many of the early highways from town to town, of the actual laying out of which there is no record to be found.

The plaintiff having erected a building thereon, the defendants have a right to remove it, as an abatement of a nuisance unless the road had ceased to be a highway in some legal mode.

The burden of proof was therefore upon the plaintiff to prove a discontinuance of the old highway.

The judge properly left it to the jury to find, from the evidence of user, that the new piece of way was duly established, either by the court of sessions, by the town authorities, or by dedication by the private proprietors; but he did not instruct them, nor did the evidence show, in which of these modes it was established.

It was competent for the jury to find that the new way was laid out in some mode, sufficient, with the lapse of time, to make it a highway. But leaving it to the jury to find whether it was done as an alteration, and then instructing them that if it was an alteration then it follows as a legal conclusion that it was a discontinuance of the old way, we think was submitting a question of fact to the jury without proper evidence.

If it was in terms laid out as an alteration, we think the legal inference drawn therefrom by the judge was correct. An " alteration " *ex vi termini* means a change or substitution of one thing for another. The public authorities have power by law to lay out, discontinue or alter a highway, and therefore when they say in the record of their doings that they make an " alteration " in an existing road from A. at one part of it to B. in another, and over different soil, it may be well concluded that the old one is discontinued. But this arises from the manifest intent, arising from the terms they have used, in connection with the laws under which they acted. But this conclusion cannot be drawn in a case where there is no record to show what they intended to do.

Whether, in the absence of all record evidence, it would be competent for a jury to find that the authority acting in such case, whatever it may have been, intended to alter and discontinue a section of a public way in opening another or not, it may not now be necessary to decide; but if it would be, it must be a distinct question of fact, to be decided upon appropriate evidence, expressly bearing upon the fact of discontinuance, such as closing up with barriers the ends of the old road, at the termini, the continuance of such barriers for a length of time, and

similar facts.   The circumstance that the old line of road along the arc was little used, is accounted for by the fact that the proprietors thereon and persons going to their houses had practical access, over other private land, by courtesy, to which however they had no legal right.   Mere nonuser under these circumstances, and so the failure of town authorities to repair it, seem to us to have little bearing on this question of intent to discontinue.   The evidence, as far as it goes, had a contrary tendency, especially the fact that several dwelling-houses directly depended on this part of the old road, which would be accommodated by leaving the old section of the road open, though the straightening was of great convenience to the general travel. The two cases from Massachusetts Reports, which tend to show that the expression " alteration " in terms implies a discontinuance of the way superseded, are quite consistent with this decision, where there is no record and no such expression ; and the rule manifestly applies only to cases wherein it is quite apparent that the continuance of the old section of road, by the establishment of the new, would become useless.   As the evidence stands on the bill of exceptions, the court are of opinion that there was no sufficient evidence, in the absence of all records, to warrant the jury in finding that this was intended to be technically an alteration, or otherwise operate as a discontinuance of the old road.                                              *New trial granted.*